SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-20835-CIV-HUCK
(00-1025-CR-HUCK)
MAGISTRATE JUDGE P.A. WHITE

ROCKLYN D. HODGE,                :

    Movant,                      :    REPORT OF MAGISTRATE
                                                          JUDGE
v.                               :    (DE#25)

UNITED STATES OF AMERICA,        :

    Respondent.                  :
_____

    The pro-se petitioner, Rocklyn D. Hodge, filed a Motion to Set Aside Judgement pursuant to the Fed.R.Civ.P. 60(b). (DE#25). The motion was referred to the Undersigned Magistrate Judge on September 9, 2009.

    The petitioner was convicted of possession of a firearm by a convicted felon, following a jury trial. He alleges in his Rule 60(b) motion that the District Court failed to address his claim that counsel was ineffective for misadvising him of the sentencing exposure he faced if he proceeded to trial versus pleading guilty.

    Federal Rule Civil Procedure 60(b) provides in sum the following six bases for relief: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. The movant fails to establish relief pursuant to the Rule.

The petitioner filed a motion to vacate attacking his conviction in case no. 00-1025-Cr-Huck. The motion, assigned case no. 03-20835-Civ-Huck was denied on October 15, 2003, adopting the Report and Recommendation of the Magistrate Judge. The Court of Appeals declined to issue a certificate of appealability based upon the petitioner's failure to demonstrate a constitutional violation, on March 10, 2004, Case No. 03-15903-J.

Review of the petitioner's motion to vacate, and the Report of the Magistrate Judge entered in case no. 03-20835-civ-Huck reveals that the Report addressed the sole claim of ineffective counsel raised, failure to challenge the government's failure to abide by the terms of its stipulation concerning the movant's prior convictions, resulting in an enhanced sentence. The petitioner's claim that the District Court failed to discuss an issue raised in his motion to vacate is without merit.

Further, Rule 60(b) requires that the motion be made within a reasonable time, not more than one year after the judgment was entered. This motion, filed on August 19, 2009, over five years after the denial of his motion to vacate, is clearly out of time.

The movant clearly does not satisfy the requirements of Rule 60(b), because he has not demonstrated to this Court extraordinary circumstances that would justify relieving him from the effect of the final judgment. See United States v. Flores, 981 F.2d 231, 237 (5 Cir. 1993). The movant has failed to demonstrate a lack of integrity in the judicial proceedings.  Thus, there is nothing in the record to indicate a need to correct a clear error or to prevent a grave miscarriage of  justice. See United States v. Beggerly, 524 U.S. 38, 47 (1998). A motion for relief from judgment is an extraordinary remedy, and this Court should not reconsider

issues already examined because the movant is dissatisfied with the outcome of his case.

It is therefore recommended that this motion for relief from Judgement pursuant to Rule 60(b) be denied and alternatively dismissed as untimely, and the judgment denying his original §2255 stand. (DE#25)

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 11th day of September, 2009.

                                    _____
                                    UNITED STATES MAGISTRATE JUDGE

cc:   Rocklyn D. Hodge, Pro Se
      Reg. No. 61978-004
      FCC-Coleman
      Address of Record

      Cynthia Wood, AUSA
      Attorney of record